UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-00382-DCR

AMANDA KOPCA                                                                    PLAINTIFF

v.         **PROGRESSIVE DIRECT INSURANCE COMPANY'S**
            **ANSWER TO PLAINTIFF'S COMPLAINT**

GENERAL MOTORS LLC,
PROGRESSIVE DIRECT INSURANCE COMPANY,
AND WILLIAM PERDUE                                    DEFENDANTS

\* \* \* \* \* \*

        Defendant Progressive Direct Insurance Company ("PDIC"), for its Answer to Plaintiff's Complaint, states as follows:

## FIRST DEFENSE

1.      The Complaint fails to state a claim against PDIC upon which relief can be granted.

## SECOND DEFENSE

2.      Each allegation of the Complaint not specifically admitted to be true is denied.

## THIRD DEFENSE

3.      The allegations contained in paragraphs 1, 6, 7, 8, 9, 10 and 11 are not directed at PDIC and contain only allegations relating to Defendants General Motors LLC to which no responsive pleading by PDIC is permitted or required and are, therefore, deemed denied or avoided. To the extent that the allegations contained in paragraphs 1, 6, 7, 8, 9, 10 and 11 are directed at PDIC, they are denied.

4.      PDIC admits the allegations contained in paragraph 2 of the Complaint.

5. In response to the allegations in paragraph 3 of the Complaint, PDIC admits only that Perdue is a citizen of Kentucky who, at all relevant times, was acting within the scope of his duties as an agent of PDIC.

6. PDIC denies the allegations in paragraph 4 of the Complaint.

7. PDIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 the Complaint.

8. In response to the allegations contained in paragraph 12 of the Complaint, PDIC admits only that it took possession of Plaintiff's vehicle after it paid Plaintiff's collision coverage claim. PDIC denies the remaining allegations contained in paragraph 12 of the Complaint.

9. In response to the allegations contained in paragraph 13 of the Complaint, PDIC admits only that, at the request of Plaintiff, PDIC held the vehicle at a storage facility to delay having it sold for salvage value to give Plaintiff a reasonable opportunity to inspect the vehicle for a potential claim against GM. PDIC also admits that it sold the 2009 Chevrolet Cobalt in June 2011. PDIC denies the remaining allegations contained in paragraph 13 of the Complaint.

10. PDIC denies the allegations contained in paragraphs 14, 15 and 16 of the Complaint.

### FOURTH DEFENSE

11. Madison Circuit Court is not the proper venue for the claims asserted against PDIC.

### FIFTH DEFENSE

12. Defendant William Perdue is a nominal party to this action and Plaintiff has no viable claims against him.

## SIXTH DEFENSE

13. Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution and Sections 2 and 14 of the Kentucky Constitution.

## SEVENTH DEFENSE

14. The Complaint is barred in whole or in part by Plaintiff's failure to plead with specificity items of special damages as required by FRCP 9(g).

## EIGHTH DEFENSE

15. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to state with particularity the circumstances constituting fraud as required by FRCP 9(b), estoppel, laches, failure of consideration and failure of conditions precedent.

**WHEREFORE**, Progressive Direct Insurance Company respectfully demands:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That it be awarded its cost herein expended and, if applicable, a reasonable attorney's fees;

3. Trial by jury; and

4. Any and all other relief to which it may appear to be entitled.

Respectfully submitted,

/s/ Robert L. Steinmetz
Robert L. Steinmetz
rsteinmetz@gsblegal.com
Lindsay Gray
lgray@gsblegal.com
Gwin, Steinmetz & Baird PLLC
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
(502)618-5700
*Counsel for Progressive Direct Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas K. Herren, tom.herren@herrenadams.com
Kara M. Stewart, kara.stewart@dinsmore.com
Monica V. Pennisi Marsico, mpmarsico@lavin-law.com

s/Robert L. Steinmetz

T:\STEINMETZ\PROGRESSIVE\Kopca v. Progressive\Answer of PDIC.doc