UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| AMANDA KOPCA, | ) | |
| | ) | No. 5:12-CV-382-DCR-REW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| GENERAL MOTORS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant, Progressive Direct Insurance Company, removed this case to federal court on December 28, 2012, invoking the Court's diversity jurisdiction.[1] DE #1 (Notice of Removal). Progressive Direct conceded that the citizenship of Defendant, William Perdue, would defeat diversity jurisdiction, but Progressive Direct argued that Perdue's citizenship may be disregarded under the doctrine of fraudulent joinder. *Id.* at ¶ 5. Progressive Direct attached a memorandum of law in support of its position. DE #1-1 (Memorandum in Support of Removal).

Plaintiff never filed a motion to remand or otherwise objected to removal. The District Court entered a Scheduling Order on February 22, 2013, and discovery has been proceeding for over six months. DE #13 (Scheduling Order). Courts have held that a plaintiff's failure to challenge the facts set forth in a notice of removal is a concession to the truth of the factual allegations asserted. *See Wilson v. Republic Iron & Steel Co.*, 42 S. Ct. 35, 37 (1921) ("[I]f the plaintiff does not take issue with what is stated in the

---

[1] Defendant, General Motors LLC, consented to the removal. DE #3 (Notice of Consent to Removal).

1

petition [for removal], he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it.") (citation omitted); *see also David A. Waldron and Associates, Inc. v. Loon, LLC*, 2012 WL 1598122, at *6 (N.D. Ohio Apr. 17, 2012) (Report & Recommendation), adopted by 2012 WL 1598101 (N.D. Ohio May 7, 2012); *Norton v. Kent*, 2009 WL 2996988, at *1 (N.D. Ohio Sept. 17, 2009). As recognized in *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629-30 (6th Cir. 1992), however, the issue of subject matter jurisdiction may be raised by a party at any time. *See id.* (citing Supreme Court cases). Thus, it appears Plaintiff could object to the Court's jurisdiction over this litigation at any stage, possibly resulting in great inefficiencies for the parties and the Court in light of the discovery progress already made in the case.

But here, in addition to failing to object to removal, Plaintiff has not properly served Perdue. Progressive Direct indicated in its notice of removal that Perdue had not yet been served. DE #1 at ¶ 5. Further, Progressive Direct represented during the Court's regularly scheduled telephonic conference on August 27, 2013, that Perdue still has not been properly served with process. Perdue has not entered an appearance in the case.

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 120 days after the complaint is filed, the court, on its own motion after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." During the August 27 telephonic conference, counsel for Plaintiff indicated that Plaintiff would not object to the dismissal of Perdue, *without prejudice*, so long as Progressive Direct stipulated that Perdue was acting as its agent at all times relevant to the Complaint. As noted by counsel for Progressive Direct,

in its Answer to the Complaint, Progressive Direct stated that Perdue was acting within the scope of his duties as its agent at all relevant times. DE #5 at ¶ 5.

Accordingly, the Court **RECOMMENDS** that the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant Perdue due to lack of service in accordance with Rule 4(m). To the extent the Court's discussion during the August 27 telephonic conference did not constitute proper notice to Plaintiff under the rule, this Recommended Disposition would so qualify.

The Court further gives notice that it treats the fraudulent joinder allegations as conceded for lack of opposition and specifically determines that Perdue's citizenship properly was disregarded at the time of removal.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of August, 2013.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge